## MATTER OF LEE

### In Section 248 Proceedings

### A-20317175

*Decided by Regional Commissioner February 26, 1975*

(1) An applicant seeking classification under section 101(a)(15)(E)(ii) of the Immigration and Nationality Act as a treaty investor may qualify provided he is a national of the treaty country, notwithstanding that the enterprise in which he has invested is owned by a person or persons who are not treaty investors.

(2) The alien investor must be coming solely to develop and direct the operations of the enterprise in which the investment has been or is in the process of being made and it must be shown that he has a controlling interest in the enterprise.

(3) In this case, it is alleged that the total value of the enterprise is or will be $64,000. (The value was stated originally to be at $90,000). Of this amount, applicant had invested $10,000, alleging that at some future time he would invest additional capital to bring his investment to 51 percent. This is too speculative, and further, in the absence of any indication of the income the applicant may derive, he has failed to show that his investment does not represent a small amount of capital invested in a marginal enterprise for the purpose of earning a living, which is counter to the requirements of 22 CFR 41.41(a)(2).

ON BEHALF OF APPLICANT: Hiram W. Kwan, Esquire
840 North Broadway, Suite 200
Los Angeles, California 90012

This is an appeal from the decision of the district director, San Francisco, who denied the application on the grounds that applicant had not established eligibility for treaty investor status in that more than 51% of the company in which he is investing is not and will not be owned by Korean nationals.

The applicant is a 37-year-old married native and citizen of Korea. He last entered the United States on December 26, 1973, as a nonimmigrant visitor for business. The instant application is seeking a change to nonimmigrant treaty investor status.

The record reflects that the applicant had submitted with the application an Agreement to Negotiate which shows the applicant had deposited in escrow a sum of $8,500 as evidence of his good faith intention to negotiate to purchase a partnership in a business known as "The Korean Garden Restaurant", located in San Francisco, California. The agree-

ment was made for the purchase of one-third interest of the business for a price to be not less than $30,000.

On appeal, counsel for the applicant states that the applicant now has $10,000 in escrow and is prepared to invest a total of $35,000 in the business enterprise. In the appeal, counsel states the worth of the enterprise will be approximately $64,000. This is in clear contradiction to the total of more than $90,000 which is indicated to be the value of the business in the Agreement to Negotiate referred to above. While evidence has been furnished to show the $10,000 has been paid to the owner of the present business enterprise, no evidence has been submitted that the enterprise is of the value as alleged above by the applicant's counsel.

The pertinent statutory provisions relating to the status the applicant is seeking is contained in section 101(a)(15) of the Immigration and Nationality Act, which includes among the classes of nonimmigrants the follows:

> (E) an alien entitled to enter the United States under and in pursuance to the provisions of a treaty of commerce and navigation between the United States and the foreign state of which he is a national, and the spouse and children of any such alien if accompanying or following to join him: (i) solely to carry on substantial trade, principally between the United States and the foreign state of which he is a national; or (ii) solely to develop and direct the operations of an enterprise in which he has invested, or of an enterprise in which he is actively in the process of investing, a substantial amount of capital.

While we are not here concerned with aliens described in clause (i) of the above section which pertains to treaty traders, we are concerned with persons falling under clause (ii) who are defined as treaty investors. Also, pertinent is the text of 22 CFR 41.41(a) which reads as follows:

> 41.41 *Treaty Investors*
>   (a) An alien shall be classifiable as a nonimmigrant treaty investor if he establishes to the satisfaction of the consular officer that he qualifies under the provisions of section 101(a)(15)(E)(ii) of the Act, and that:
>   (1) He intends to depart from the United States upon the termination of his status; and
>   (2) He is an alien who has invested or is investing capital in a bona fide enterprise and is not seeking to proceed to the United States in connection with the investment of a small amount of capital in a marginal enterprise solely for the purpose of earning a living; or that
>   (3) He is employed by a treaty investor in a responsible capacity and the employer is a foreign person having the nationality of the treaty country who is maintaining the status of a nonimmigrant treaty investor, or organization which is principally owned by a person or persons having the nationality of the treaty country and, if not residing abroad, maintaining nonimmigrant treaty investor status.

The applicant is not seeking nonimmigrant treaty investor status as an employee of a treaty investor. Therefore, the provisions of 22 CFR

41.41(a)(3) are not applicable to him. Rather, he is seeking that status as an investor in his own right by negotiating for a partnership and investing a sum of money in an existing enterprise.

Note 5 to 22 CFR 41.41, Volume 9—Visas, Foreign Affairs Manual, states that insofar as the nationality of the corporations is concerned, Note 8 to 22 CFR 41.40 of that publication is applicable to treaty investors. Note 8 to 22 CFR 41.40 reads:

8. *Nationality of corporations engaged in trade*
 The nationality of a firm is determined for the purpose of section 101(a)(15)(E) by the nationality of those persons who own the principal amount (i.e., 51 percent or more) of the stock of that corporation, regardless of the place of incorporation.

Further, in the *Matter of N—S—*, 7 I. & N. Dec. 426, a precedent decision, it states in pertinent part:

The fact a firm is incorporated under the laws of a state of the United States does not necessarily determine that it is not a foreign firm; and that nationality of such a firm may be determined for such purpose by the nationality of those persons who own the principal amount (i.e., more than 51 percent) of that firm.

If the applicant in the instant case were seeking classification under section 101(a)(15)(E)(ii) as an employee of an investing foreign corporation or other foreign organization within the purview of 22 CFR 41.41 (a)(3), supra, it would be necessary to determine whether that corporation or other organization was owned predominantly by nationals of Korea. However, in this case, the applicant is an individual having the nationality of the treaty country and he is seeking the "E–2" status on the basis of his own investment and not as an employee of an investing foreign organization. To qualify as an investor under section 101 (a)(15)(E)(ii) and 22 CFR 41.41(a)(2), it is the nationality of the individual investor, rather than the nationality of the enterprise in which he has invested, or is actively in the process of investing, which is pertinent. Thus, an applicant, as a national of a treaty country, is not precluded from eligibility for treaty investor status he may be seeking by the fact that the enterprise in which he has invested is presently owned entirely by a person or persons who are not themselves treaty investors.

However, the applicant in this case does appear to be ineligible for that status on another ground. Section 101(a)(15)(E)(ii) of the Act requires the alien investor to be coming "solely to develop and direct the operations of" the enterprise in which the substantial investment has been or is in the process of being made. In order for an investor to develop and direct the operations of an enterprise, it must be shown that he has a controlling interest; otherwise, other individuals who do have the controlling interest are in a position to dictate how the enterprise is to be developed and directed.

189

In the case at hand, the evidence indicates the applicant has invested only $10,000. The value of the enterprise previously had been shown as in excess of $90,000. Counsel for the applicant is now asserting, without any substantiation, that the enterprise is or will be valued at $64,000; that at some unspecified time in the future, the applicant will increase his investment to $35,000 and that the applicant will then own more than 51% of the enterprise. There is no evidence of the applicant's financial ability to make the additional investment. We find that the contention that the applicant will have a controlling interest in the enterprise is too speculative, and that he is therefore unable to establish that he will develop and direct the enterprise in which he is investing.

In addition, in the absence of any indication of the income the applicant could reasonably expect to derive from the enterprise, he has failed to establish that his investment does not represent a "small amount of capital in a marginal enterprise solely for the purpose of earning a living", contrary to the provisions of 22 CFR 41.41(a)(2).

For the reasons detailed above, it is concluded that the denial of the application by the district director should not be disturbed. The appeal will be dismissed.

ORDER: *It is ordered* that the appeal be dismissed.